IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CAROL A. HOLLINGSWORTH,                          CV 04-6194-TC

            Plaintiff,                           OPINION AND ORDER

      v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.

      KATHRYN TASSINARI
      DREW L. JOHNSON
      1700 Valley River Drive, First Floor
      Eugene, OR  97401

            Attorney for Plaintiff

      KARIN J. IMMERGUT
      United States Attorney
      District of Oregon
      CRAIG J. CASEY
      Assistant United States Attorney
      1000 S.W. Third Avenue, Suite 600
      Portland, OR  97204-2902

DAVID R. JOHNSON
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075

   Attorneys for Defendant

Coffin, Magistrate Judge:

## BACKGROUND

Plaintiff, Carol Hollingsworth (Hollingsworth), brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act).  Her last date insured is December 31, 2005.[1]  The court has jurisdiction under 42 U.S.C. § 405(g).

Hollingsworth was 46 years old at the time of the ALJ's final decision.  Tr. 57.  She has a high school education, and some college.  Tr. 74.  In the past she has worked as a teacher's aide, sales associate, care giver and bookkeeper.  Tr. 81-88, 367-68.  She last worked in December, 2000.  Tr. 66, 81.

Hollingsworth alleges disability beginning December 15, 2001, based on blood in her urine, kidney cysts and fibromyalgia. Tr. 68.  The ALJ denied her claim, finding that she retained the ability to perform her past work as a bookkeeper.  Tr. 29.

---

[1]  Under Title II, a claimant must show that she became disabled during a period in which she had "insured status" under the program.  See 42 U.S.C. § 416(I)(3).

2 - OPINION AND ORDER

On appeal to this court, Hollingsworth contends the ALJ (1) wrongly rejected her testimony, and (2) failed to diligently develop the record. Hollingsworth also argues that new evidence, not considered by the ALJ but submitted to the Appeals Council, establishes that she is disabled.

For the following reasons, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found that Hollingsworth had not engaged in substantial gainful activity since her alleged onset date. Tr. 22; see 20 C.F.R. § 404.1520(b).

At step two he found Hollingsworth has unspecified severe impairments. Tr. 28; see 20 C.F.R. § 404.1520(c).

At step three the ALJ determined that Hollingsworth's impairments did not meet or equal the requirements of a listed impairment. Tr. 25-26; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed Hollingsworth with the residual functional capacity (RFC) to perform work involving lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, and up to six out of eight hours sitting, standing and walking. Tr. 27; see 20 C.F.R. §§ 404.1520(e), 404.1545.

At step four the ALJ found that, based on Hollingsworth's RFC, she remained capable of performing her past relevant work as a bookkeeper. Tr. 29. Therefore, he found Hollingsworth not disabled, as defined by the Act, and did not reach step five of the sequential evaluation. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

## DISCUSSION

## I. The ALJ properly discredited Hollingsworth's testimony.

Hollingsworth argues that the ALJ failed to give clear and convincing reasons to reject her testimony. If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. Smolen v. Chater, 80 F.3d

1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403,
1407-08 (9th Cir. 1986). The ALJ may reject the claimant's
testimony regarding the severity of her symptoms only by
providing clear and convincing reasons for doing so. Dodrill v.
Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Smolen, 80 F.3d at
1283.

In assessing a claimant's credibility the ALJ may consider:
(1) ordinary techniques of credibility evaluation, such as the
claimant's reputation for truthfulness, prior inconsistent
statements concerning the symptoms, and other testimony by the
claimant that appears less than candid; (2) unexplained or
inadequately explained failure to seek treatment or to follow a
prescribed course of treatment; (3) the claimant's daily
activities; (4) the objective medical evidence; (5) the location,
duration, frequency, and intensity of symptoms; (6) precipitating
and aggravating factors; (7) the type, dosage, effectiveness, and
side effects of any medication; and (8) treatment other than
medication. See Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th
Cir. 1996).

In his written decision, the ALJ stated four main reasons he
found Hollingsworth less than fully credible. First, he found
that the medial evidence is "devoid of objective signs to explain
subjective complaints." Tr. 26. He noted that Hollingsworth
uses a cane for ambulation, but her physicians prescribed aerobic

exercise.  Id.  He noted that Hollingsworth's main diagnosis,

fibromyalgia, is not clinically measurable and is determined by

the patient's self-reports about tender spots.  Tr. 27.  In light

of the fact that two of Hollingsworth's physicians concluded that

there was no anatomical basis for her symptom complaints, which

included far more symptoms than those typically associated with

fibromyalgia, the ALJ determined that lack of objective medical

evidence weighed against Hollingsworth's credibility.  Id.

The ALJ may not reject a claimant's testimony about the

severity of her symptoms solely because it is not corroborated

fully by objective medical findings.  Cotton, 799 F.2d at 1408.

But if her underlying impairment is not expected to produce the

symptoms alleged, this discrepancy will undermine the claimant's

credibility.

Hollingsworth argues that even though a full explanation for

her symptoms has not been found, her symptoms may reasonably be

attributed to fibromyalgia and scarring in her kidneys.  Tr. 341.

I find substantial evidence in the record supporting the ALJ's

finding on this point, and therefore I decline to substitute my

judgment for his.  Edlund v. Massanari, 253 F.3d 1152, 1156 (9ᵗʰ

Cir. 2001).

The second reason the ALJ found for rejecting

Hollingsworth's testimony was inconsistency between the degree of

limitation she alleged and her activities of daily living.  Tr.

27.  Hollingsworth's contention, in her pleadings, that she

testified to "very limited activities" is belied by the

transcript.  Tr. 344-67.  At the hearing she told the ALJ she

cooks breakfast for herself and her husband, and usually prepares

lunch and dinner for her family; sometimes does laundry; tends to

her three dogs, two cats, two llamas, and eighteen chickens; goes

to the market about once a week, though she sometimes uses the

power cart; drives her son to work; engages in arts and crafts

such as painting and sewing; gardens; attends church every

Sunday, and prepares the craft project for the children at

church; watches her three, young, grandchildren and facilitates

arts and crafts projects for them; and, does about 15 minutes of

exercise every morning.  Id.

A disability claimant will not be penalized for attempting

to maintain a sense of normalcy in her life.  However, when a

claimant's level of activity is inconsistent with her claimed

limitations, as here, her activities will have a bearing on her

credibility.  See Reddick v. Chater, 157 F.3d 715 (9th Cir.

1998).  As the Commissioner points out, Hollingsworth's

contention that she is dizzy and sick to her stomach "almost all

of the time" and that she barely sleeps at night (tr. 349-50) is

plainly inconsistent with the above activity schedule.

Third, the ALJ found inconsistencies in statements

Hollingsworth made to her doctors.  Tr. 27.  He noted that

Hollingsworth reported to her family physician, Mohammed Mohammed, M.D., that her symptoms began in December, 2000, but later reported to Cecilia Keller, M.D., a neurologist, that she had experienced stomach, chest, lung, mind, and fibromyalgia problems for the last 14 years. Tr. 24. Then, in October, 2002, she told Dr. Keller that "she has never felt well" and in November, 2002, that she has been incapacitated by her pain for 10 years. Tr. 277, 294.

The ALJ also found Hollingsworth gave contradictory reports about the effectiveness of medications. She told Sidney Cassell, M.D., that the anti-insomnia medication he prescribed was ineffective, but then told Gale Smolen, M.D., that she sleeps five to seven hours when she takes it. Tr. 27, 225.

I find the ALJ reasonably determined that these inconsistencies demonstrated that Hollingsworth has been less than candid in her reporting to doctors and to the ALJ.

Finally, the ALJ found that Hollingsworth's primary use of herbal remedies to address her allegedly severe symptoms undermined her credibility. Tr. 27. A claimant's unexplained failure to request or pursue a prescription for serious medical treatment or pain medication to address her supposedly excruciating pain is "an important indicator of the intensity and persistence of [the claimant's] symptoms." See 20 C.F.R. §

404.1529(c)(3); see also Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir. 1995).

Though she also experimented with some pharmaceutical medications, Hollingsworth claimed they were not effective, with the exception of the anti-fungal medication Diflucan, which was not recommended by her doctors. At the hearing Hollingsworth said the month she took Diflucan she felt so much better she considered starting her own business. Tr. 360. The ALJ noted that Hollingsworth diagnosed herself with a "hemodrain fungal infection" after doing research on the internet, and insisted to Dr. Keller that this was the source of her problems. Tr. 24. Dr. Keller disagreed, and explained that her symptoms did not correlate to a central nervous system fungal infection, nor did she exhibit the degree of sickness associated with the disease. Tr. 24, 295-96. Hollingsworth then convinced Dr. Mohammed to prescribe an anti-fungal medication, but he was only willing to give her a 30 day supply, and refused to refill the prescription. Tr. 24, 321.

In sum, I find the ALJ's reasons for discrediting Hollingsworth's subjective reports are clear and convincing, and supported by substantial evidence in the record.

## II.   The ALJ made reasonable efforts to properly develop the record.

The ALJ did not discredit any of the physician's opinions in the record.  To the contrary, he credited the diagnosis of fibromyalgia made by Sidney Cassell, M.D., and Dr. Mohammed. Tr. 23.  However, he noted that these were the only significant findings among a myriad of tests.  Tr. 23-25.  The ALJ also credited Gale Smolen, M.D., who determined that Hollingsworth did not suffer from a mental impairment.

Hollingsworth contends the ALJ failed to develop the medical record pursuant to 20 C.F.R. § 404.1512(d).  In particular, Hollingsworth argues that the ALJ should have asked Dr. Cassell and Dr. Mohammed to assess whether Hollingsworth had any work-related limitations.

A disability claimant has the burden of proving that she is disabled.  See 20 C.F.R. § 404.1512(a).  As section 404.1512(c) points out, the claimant "must provide medical evidence showing that [she has] an impairment(s) and how severe it is during the time [she] say[s] that [she is] disabled."  Under section 404.1512(d)- the regulation Hollingsworth relies on- the ALJ "will make every reasonable effort to help [the claimant] get medical reports from [her] own medical sources when [the claimant] gives us permission to request the reports."  "Every reasonable effort" is defined as "an initial request for evidence

from your medical source" and "one follow-up request" if the evidence is not received within 20 days of the initial request. 20 C.F.R. § 404.1512(d)(1).

According to a Social Security "Development Summary Worksheet," on August 14, 2001, the ALJ made an initial request for medical records and a medical source statement, from both Dr. Cassell and Dr. Mohammed. Tr. 125, 132. Both physicians responded to the request for records, but neither provided the opinion requested. A Disability Determination Services physician who reviewed Hollingsworth's record made another request for these doctors to assess her work-related functional abilities on January 24, 2002. Tr. 45. Apparently this request was not honored, either.

Thus, I find that the ALJ made reasonable efforts to develop the record by twice requesting medical source statements from Hollingsworth's doctors. The burden remained on Hollingsworth to establish disability, even though she chose to forego representation at the administrative level.

III. **New Evidence does not warrant remand.**

Hollingsworth obtained counsel before appealing the ALJ's final decision to the Appeals Council. In response to her counsel's request, Dr. Mohammed wrote a letter on November 13, 2003, stating, in relevant part:

> The patient has been suffering from an illness that we had been [sic] unable to pin point the exact diagnosis. The

> patient had severe weakness that prevents her from
> performing even the slightest work at home.
> ***
> The patient is a very motivated woman who is eager to do
> things, but whatever is happening to her is preventing her
> in engaging in any kind of meaningful work.

Tr. 341.

Hollingsworth argues these statements establish that she is

disabled, and they should be credited as true. The crediting as

true doctrine comes into play, if at all, only if crediting the

evidence leaves no outstanding issues that must be resolved

before a determination of disability can be made. Harman v.

Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000); Smolen v. Chater, 80

F.3d 1273, 1292 (9th Cir. 1996). Even if this court were to

credit Dr. Mohammed's November 13, 2003, letter, a finding of

disability would not be directed.

Dr. Mohammed's first statement, that Hollingsworth's

condition "prevents her from performing even the slightest work

at home" is plainly contradicted by the record. The second

statement, that Hollingsworth cannot engage in "any kind of

meaningful work," is a vocational opinion, not a medical source

opinion, which Dr. Mohammed was not qualified to make. SSR

96-5p. Disability has both a medical and vocational component.

See 20 C.F.R. § 404.1560. Because a medical source does not have

the expertise to comment on the vocational component of

disability, a statement by a medical source that a person is

unable to work is not accorded much weight. See 20 C.F.R. §

13 - OPINION AND ORDER

404.1527(e)(1). Thus, Dr. Mohammed's letter does not establish that she has work-related limitations beyond those assessed by the ALJ, or that she cannot return to her past work as a book keeper.

For the same reasons, Dr. Mohammed's letter does not warrant remand for further proceedings because it does not create a reasonable possibility of changing the outcome of the ALJ's determination. <u>Mayes v. Massanari</u>, 276 F.3d 453 at 462-63 (9th Cir. 2001).

### CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this ll day of July, 2005.

_____
Thomas Coffin
United States Magistrate Judge